[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ARTICULATION
The court responds to the defendant's Motion For Articulation as follows:
Question 1: How the defendant's net income was determined.
Answer 1.
a. The court did not find the defendant's testimony to be reliable.
b. The defendant has been paying $158.00 per week as child support since September, 1996.
c. The court took into consideration that the defendant has approximately $1,000,000 in assets, all of which are unencumbered. The defendant did not show any value at all for his business.
d. The court found that the defendant falsified his Financial Affidavit.
e. The court also considered the defendants 1994 and 1995 tax returns (his complete 1996 return was not available), which showed depreciation of $47,631.00 in 1994 and $51,182.00 in 1995.
In 1994, he had gross business income of $223,606.00 and expenses of $190,114.00, of which depreciation as $47,631.00. Excluding depreciation, his net business profit would have been approximately $81,000, and his total income for the year would have been approximately $83,000. CT Page 5465
In 1995, without depreciation, the defendant's net business profit would have been approximately $116,400.00 and his total income would have been $126,427.00 He paid $21,963 in federal income taxes in 1995. His gross business receipts were $1,795,590 in 1994; $1,785,716 in 1995, and $1,747,754 in 1996, showing therefore steady and consistent results.
f. Since the court had incomplete figures for 1996 and 1997, the court averaged his 1994 and 1995 income net of depreciation, thereby reaching a weekly average of approximately $2,096.57, including interest and dividend income.
Question 2. What weekly net income was attributed to the defendant and to the plaintiff.
Answer 2:
For purposes of the Child Support Guidelines, the court attributed weekly net income of $259.00 to the plaintiff, and $1,579.00 to the defendant.
HON. RICHARD A. WALSH